**CITIZENS CENTRAL BANK v WHITE et**

Ohio Appeals, 4th Dist, Athens Co

Decided Sept 30, 1931

Woolley & Rowland, Athens, for plaintiff in error.

John C. Pettit, Logan, for defendant in error.

MIDDLETON, J.

The controversy in this proceeding grows out of an attempt by The Citizens Central Bank of Nelsonville, Ohio, to cause a levy to be made by the sheriff of Meigs County on said twenty two acre lot, and the power house and the equipment standing thereon, to satisfy a judgment which said bank obtained against Earl Lama and others in the Court of Common Pleas of Hocking County. The Hocking Domestic Coal Company at the time this proceeding was instituted was in possession of the Wells' leases under the assignment of the elder Lama. It was then and is now under a receivership proceeding pending in the Court of Common Pleas of this county. When the bank attempted to make the levy aforesaid the receivers, filed in the original action in receivership a petition against the bank asking for an injunction to restrain the bank from any further action against the twenty two acre tract and particularly the machinery contained in the power house standing thereon. The bank entered its appearance to this action. No question was or is made here in respect to the jurisdiction of the Court of Common Pleas in this proceeding or its right to interfere with the proceedings of the court in Hocking County. We are satisfied to pass this phase of the case with the observation that what has been done in this proceeding was done without any objection of the parties concerned and evidently in accordance with their wishes and desires. The court below allowed the receivers a permanent injunction against the bank restraining it from making any further claims

against the property rights of Lama in the assets hereinbefore described. The proceeding now under consideration is to reverse that decree and judgment of the court below.

We are persuaded that the decree so made by the Court of Common Pleas was not warranted by the facts then in evidence as shown by the bill of exceptions. There is no evidence in the record to establish any right of the coal company to the property in question except as such right may appear in the Wells' leases. Those leases by their terms have now expired. There are no provisions in the leases whereby any lessee may claim any personal property other than such property as the lessee himself has provided and is on the property of the lessors in accordance with the terms of the leases. There is no evidence to show that The Hocking Domestic Coal Company ever invested one dollar in the property involved in this proceeding. It was the sole property of Lama and placed on his land, which land was and is not covered by or included in the leases. The Wellses, by no process of reasoning, could claim the Lama improvements unless under some provisions arising in the leases or by reasons of some default of Lama, and that could arise only from some neglect or failure on the part of Lama. There is nothing in the record to show anything due to the Wellses from Lama or that during his operation under the leases any obligation arose on his part to give the Wellses any right to the power house and the machinery therein which Lama had placed upon the surface of his own land. It is apparent that the power house and the machinery in it were used by Lama in the operation of the mines, and there may have been some right given to the coal company by this assignment to use the property, but the assignment did not convey title and such right would cease when the lease expired. We think it manifest that Lama made this improvement with the intention that it should be a permanent improvement and that it should remain on the property owned by him. We think further that there is nothing to indicate that the equipment placed by him in the power house was intended as a mere temporary arrangement, but rather that it was so attached to the power house as to indicate plainly that he intended the machinery as a permanent fixture. Whether the Wellses may further claim the use of this power house and equipment depends upon the determination of matters not before the court in this proceeding.

For the reasons aforesaid we conclude that the defendants in error were not entitled to a permanent injunction as granted by the court below, but at most were only entitled to an injunction which would continue during the life of the leases assigned by Lama which by their terms expired in August of this year.

The judgment is reversed and the petition of the receivers is dismissed.

MAUCK, PJ and BLOSSER, J, concur.